IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MARKEE B. MOSS,** | Case No. 1:16 CV 2809 |
| Plaintiff, | Chief Judge Patricia A. Gaughan |
| v. | Magistrate Judge James R. Knepp, II |
| **COMMISSIONER OF SOCIAL SECURITY,** | |
| Defendant. | REPORT AND RECOMMENDATION |

### INTRODUCTION

Plaintiff Markee B. Moss ("Plaintiff") filed a Complaint against the Commissioner of Social Security ("Commissioner") seeking judicial review of the Commissioner's decision to deny disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Doc. 1). The district court has jurisdiction under 42 U.S.C. §§ 1383(c) and 405(g). This matter has been referred to the undersigned for preparation of a report and recommendation pursuant to Local Rule 72.2. (Non-document entry dated November 18, 2016). Following review, and for the reasons stated below, the undersigned recommends the decision of the Commissioner be affirmed.

### PROCEDURAL BACKGROUND

Plaintiff filed for DIB and SSI in August 2013, alleging a disability onset date of October 15, 2011. (Tr. 186-99). His claims were denied initially and upon reconsideration. (Tr. 95-96). Plaintiff then requested a hearing before an administrative law judge ("ALJ"). (Tr. 152). Plaintiff (represented by counsel), and a vocational expert ("VE") testified at a hearing before the ALJ on July 22, 2015. (Tr. 30-78). On August 28, 2015, the ALJ found Plaintiff not disabled in a written decision. (Tr. 8-29). The Appeals Council denied Plaintiff's request for review, making the hearing

decision the final decision of the Commissioner. (Tr. 1-3); *see* 20 C.F.R. §§ 404.955, 404.981, 416.1455, 416.1481. Plaintiff timely filed the instant action on November 17, 2016. (Doc. 1).

**FACTUAL BACKGROUND**[1]

VE Testimony

A VE testified at the administrative hearing. (Tr. 64-77). The ALJ posed a series of hypothetical scenarios to the VE which involved an individual of Plaintiff's age, education, and past work. The first hypothetical consisted of an individual capable of working:

> at the sedentary level of exertion with additional restrictions of occasional bilateral foot controls, occasional climbing ramps and stairs. Never climbing ropes, ladders and scaffolds. Frequent balance, stooping; occasional kneel, crouch, crawl. And mental limitations of limited to performing simple, routine and repetitive tasks but not at a production rate pace, meaning, no assembly line work. And, superficial responding to supervisors -- superficial interaction with supervisors and, by that I mean, no negotiation, arbitration, confrontation, mediation, supervision, commercial driving and, interactions are limited to five minutes o[r] less and are work related. And limited to tolerating few changes in the routine work setting, defined as infrequent gradually introduced and explained.

(Tr. 66-67). The VE opined this individual could not perform Plaintiff's past work, but could perform other jobs in the national economy, including a polisher, mailing house worker, and document preparer. (Tr. 68-69). The VE noted his opinion was consistent with the Dictionary of Occupational Titles ("DOT") and supplemented by his experience. (Tr. 69).

The second hypothetical consisted of all the limitations in the first hypothetical, and added:

> The person must alternate sit/standing at will while remaining on task. No climbing ramps and stairs. Occasional balance, stooping; never kneel, crouch, crawl. Communicative limitations of limited to hearing and understanding

---

1. Plaintiff challenges only the ALJ's interpretation and application of the VE's testimony regarding the availability of jobs in the national economy at Step Five of the sequential evaluation. *See* 20 C.F.R. § 416.912(f). Plaintiff has waived argument on issues not raised in his opening brief. *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003). The undersigned, therefore, finds it unnecessary to summarize the medical record and instead focuses on the relevant procedural history of this case.

simple, oral instructions and communicating simple information. And actually, change the ramps and stairs to occasional rather than never. And, no exposure to hazards, unprotected heights, moving mechanical parts, operating a motor vehicle. Avoid even moderate exposure to humidity, wetness, extreme cold, extreme heat. Avoid concentrated exposure to dust, odor, fumes, pulmonary irritants.

The VE then asked for clarification of the environmental limitations in the second hypothetical:

A I'm sorry, your honor. I'm kind of missing -- I can't keep up here. Avoid even moderate exposure to cold?

Q Cold, heat extremes and, humidity and wetness.

A Humidity. Thank you, sir.

Q Sure. And then avoid concentrated exposure to the pulmonary irritants such as dust, odor, fumes. And, for the mental restrictions, add limited to simple work related decisions and, I want to make explicit here that the contact with supervisors, co-workers and the public is occasional. Actually, the public, let's make never. But with those other restrictions in the first hypothetical about --

A Yes.

Q No arbitration, negotiation and that [phonetic].

A Great. Okay.

Q All right. The past work has been eliminated with this hypothetical -- the prior hypothetical so, are there any other jobs this hypothetical individual could perform?

A We're still at the sedentary level.

Q Correct.

A And I would address the sit/stand. The DOT does have structure as it's [sic] paradigm sit/stand for both sedentary and light work. In other words, the sedentary job, someone could be up a couple of hours. In a light job, they can be in the alternate position for a couple of hours. The -- so that's really built in. When you start nuancing that, that would come from my experience. Your honor did say at will; however, someone would still be on task and that's the key.

Q My intent was it would be a brief change.

A Thank you.

Q To be able to change positions for comfort.

A That's how I put --

Q I understand that --

A That's how I took it.

Q Some sedentary jobs, if you're standing the whole time you can't do it. But, it's rather than quantified in such a way that five minutes, an hour; two minutes, a half hour, whatever, the person can briefly change position while staying on task but essentially would be sedentary.

A Thank you, your honor. And that's how I took it that this really is how the DOT is structured and, given that and all the other lines of the hypothetical, the same three jobs that I mentioned would remain in the same numbers.

Q Okay. And that's consistent with the DOT?

A Yes, it is.

(Tr. 70-72).

With regard to the third hypothetical, the VE determined an individual would be precluded from work if he was off task twenty percent of the day and absent for two or more days per month. (Tr. 72). The VE added that an individual is not precluded from work if he is off task up to ten percent of the day, so adding that limitation to the prior two hypotheticals would not change the available jobs. (Tr. 72-73). The VE testified he relied on his own experience in making this determination and noted that the DOT does not address on or off task behavior, or absenteeism. (Tr. 72, 73-74).

ALJ Decision

In his written decision, the ALJ determined Plaintiff had not engaged in substantial gainful activity since his alleged onset date of October 15, 2011, and had severe impairments of reconstructive surgery in both knees, osteoarthrosis, affective disorders, asthma, and obesity. (Tr.

4

13-14). The ALJ added these impairments did not meet or equal the listings (Tr. 14), and Plaintiff retained the RFC to perform:

> *** sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he must periodically alternate between sitting and standing briefly while remaining on task; he can push/pull consistent with the exertional limitations of sedentary work; operate foot controls occasionally with both feet; occasionally climb ramps and stairs, balance, and stoop; never climb ladders, ropes and scaffolds, kneel, crouch or crawl; cannot work around unprotected heights, moving mechanical parts, or operate a motor vehicle in the performance of a job. The claimant must avoid even moderate exposure to humidity, wetness, extreme cold and heat, dust, odors, fumes and pulmonary irritants. The claimant is further limited to simple, routine and repetitive tasks but not at a production rate pace; his judgment is limited to simple, work related decisions; he is limited to occasional superficial interactions with supervisors, including no negotiation, arbitration, confrontation, mediation or supervision. He is limited to hearing and understanding simple oral instructions and communicating simple instructions and the instructions need to be limited to five minutes each and work related. He can occasionally respond appropriately to co-workers and never interact with the general public.

(Tr. 16). The ALJ found Plaintiff could not perform any past relevant work (Tr. 24), but, in relying on the VE's hearing testimony, concluded Plaintiff could perform jobs that exist in significant numbers in the national economy and therefore he was not disabled (Tr. 24-25).

## STANDARD OF REVIEW

In reviewing the denial of Social Security benefits, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (citing 42 U.S.C. § 405(g)). Even if substantial evidence or

indeed a preponderance of the evidence supports a claimant's position, the court cannot overturn "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

**STANDARD FOR DISABILITY**

Eligibility for benefits is predicated on the existence of a disability. 42 U.S.C. §§ 423(a), 1382(a). "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a) & 416.905(a); *see also* 42 U.S.C. § 1382c(a)(3)(A). The Commissioner follows a five-step evaluation process—found at 20 C.F.R. §§ 404.1520 and 416.920—to determine if a claimant is disabled:

1. Was claimant engaged in a substantial gainful activity?

2. Did claimant have a medically determinable impairment, or a combination of impairments, that is "severe," which is defined as one which substantially limits an individual's ability to perform basic work activities?

3. Does the severe impairment meet one of the listed impairments?

4. What is claimant's residual functional capacity and can claimant perform past relevant work?

5. Can claimant do any other work considering his residual functional capacity, age, education, and work experience?

Under this five-step sequential analysis, the claimant has the burden of proof in Steps One through Four. *Walters,* 127 F.3d at 529. The burden shifts to the Commissioner at Step Five to establish whether the claimant has the residual functional capacity to perform available work in the national economy. *Id.* The ALJ considers the claimant's residual functional capacity, age, education, and past work experience to determine if the claimant could perform other work. *Id.*

Only if a claimant satisfies each element of the analysis, including inability to do other work, and meets the duration requirements, is he determined to be disabled. 20 C.F.R. §§ 404.1520(b)-(f) & 416.920(b)-(f); *see also Walters*, 127 F.3d at 529.

## DISCUSSION

Plaintiff alleges the ALJ erred at Step Five by incorporating environmental limitations into Plaintiff's RFC which were not included in the hypothetical scenario presented to the VE at the administrative hearing. (Doc. 13, at 6-7). The Commissioner admits the RFC does not match the second hypothetical posed to the VE, but asserts this error was harmless. (Doc. 15, at 5-6). For the reasons discussed below, the undersigned agrees with the Commissioner.

At the final step of the disability analysis, the ALJ must decide whether, in light of the claimant's RFC, age, education, and past work experience, the claimant can make an adjustment to other work. 20 C.F.R. § § 416.920(a)(4), 404.1520(a)(4). The burden shifts to the Commissioner to prove the existence of a significant number of jobs in the national economy that a person with the claimant's limitations could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999). To meet this burden, there must be a finding supported by substantial evidence that the claimant has the vocational qualifications to perform specific jobs. *Workman v. Comm'r of Soc. Sec.*, 105 F. App'x 794, 799 (6th Cir. 2004).

An ALJ may rely on a VE's testimony to provide substantial evidence that a claimant is not disabled if the hypothetical question posed accurately reflects a claimant's impairments. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516-17 (6th Cir. 2010); *Smith v. Halter*, 307 F.3d 377, 378 (6th Cir. 2001); *see also Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) (explaining that although an ALJ need not list a claimant's medical conditions, the hypothetical should provide the VE with the ALJ's assessment of what the claimant "can and cannot do");

7

*Branon v. Comm'r of Soc. Sec.*, 539 F. App'x 675, 680 (6th Cir. 2013) ("So long as the hypothetical is accurate, the administrative law judge may rely on the vocational expert's testimony to find that the plaintiff can perform a significant number of jobs in the national economy.").

Here, Plaintiff takes issue with the fact that the ALJ's hypothetical question contained a limitation of avoidance of "*concentrated exposure* to the pulmonary irritants such as dust, odor, [and] fumes[]", while the RFC contained a limitation of "*even moderate exposure* to . . . dust, odors, fumes and pulmonary irritants." (Doc. 13, at 7); *see* Tr. 16, 70 (emphasis added). Plaintiff argues that because the limitations on environmental irritants were greater in the RFC than in the hypothetical, "[w]ithout VE testimony, it is not possible to know whether the jobs listed by the VE could accommodate the limitations provided in the RFC." (Doc. 13, at 7). He argues further VE testimony is necessary to determine: 1) whether the jobs listed in the ALJ's written decision could still be performed with the more restrictive limitations and; 2) whether there would be a decrease in the number of available jobs. (Doc. 13, at 7).

The Commissioner concedes the ALJ erred, but argues it was harmless because, according to the DOT job descriptions, the jobs the ALJ identified at Step Five do not require *any* exposure to pulmonary irritants. (Doc. 15, at 5). The undersigned agrees with the Commissioner.

Relying on the VE's testimony, the ALJ determined a hypothetical individual with the same RFC as Plaintiff could perform the occupations of polisher (DOT No. 713.687-034), mailing house worker (DOT No. 209.587-010), and document preparer (DOT No. 249.587-018). In the DOT job descriptions, these three occupations do not expose an individual to "[a]tmospheric [c]ond[itions]". *See* 1991 WL 679275; 1991 WL 671797; 1991 WL 672349 ("Atmospheric Cond.: Not Present – Activity or condition does not exist"). "Atmospheric conditions" are defined in the DOT as "exposure to such conditions as fumes, noxious odors, dusts, mists, gases, and poor

ventilation, that affect the respiratory system, eyes or the skin." *Selected Characteristics of Occupations, Dictionary of Occupational Titles* (SCODICOT); 1993 Ed., U.S. Dept. of Labor, App. D.: Environmental Conditions, *available at* https://www.nosscr.org/sco/sco-ocr.pdf (last visited November 1, 2017).

Because the job descriptions do not include any atmospheric limitations, the undersigned concludes—as other courts have—that, in this instance, remanding to a VE to interpret the job descriptions is unnecessary. *See Ferrell v. Comm'r of Soc. Sec.*, 2016 WL 316724, at *7 (W.D. Mich.) (finding harmless error where the hypothetical did not match the RFC "because the DOT descriptions for the positions identified in support of the Commissioner's step 5 finding do not require the postural abilities that the ALJ found Plaintiff had limitations in doing."); *Crawford v. Comm'r of Soc. Sec.*, 2012 WL 1552781, at *2 (N.D. Ohio) (finding harmless error where the ALJ failed to include medically supported environmental limitations in both the hypothetical posed to the VE and in the RFC because the it would not have changed the VE's testimony as the occupations did not "require, or even suggest, exposure to concentrated fumes, odors, gases, or poor ventilation.").

Plaintiff attempts to distinguish *Crawford* by arguing: 1) here, Plaintiff disputes the omission of his environmental limitations in the hypothetical posed to the VE, rather than a failure to consider additional limitations posed by the plaintiff; and 2) while the court in *Crawford* determined the error would not affect the outcome of the proceeding, here, without additional VE testimony, it is impossible to know whether that is the case. (Doc. 16, at 2-3). Plaintiff adds that because VE testimony sometimes deviates from the DOT based on experience, it is not possible to determine whether the testimony would have deviated in this instance and, thus, required a limitation to avoid even moderate exposure to pulmonary irritants. *Id.* at 4. These arguments are

not well-taken. First, while the administrative facts in *Crawford* may be distinguishable, the reason the court declined to remand the case is applicable here. As in *Crawford*, remanding to the VE would not change the Step Five determination because the jobs the ALJ determined Plaintiff could perform do not include any atmospheric limitations. Second, the court in *Crawford* rejected the argument presented here, that it is not possible to know how adding the environmental limitation would have affected the ALJ's Step Five determination. 2012 WL 1552781, at *2. Third, when relying up the second hypothetical question, the once used to frame Plaintiff's RFC, the VE here stated his opinion on the other jobs that could be performed were consistent with the DOT, and that he added to it from his experience. (Tr. 69, 72). He did not state his experience required him to deviate from the DOT, but rather that his experience supplemented the DOT.[2]

Thus, the ALJ did in fact err because the hypothetical scenario he relied upon in determining Plaintiff could perform other work did not identically match the RFC. *Ealy*, 594 F.3d at 516-17. However, the undersigned finds this error harmless because even with a limitation to "even moderate exposure" to pulmonary irritants, pursuant to the DOT, Plaintiff could still perform the three jobs identified by the ALJ at Step Five. *Compare Ferrell*, 2016 WL 316724, at *7 (harmless error where hypothetical did not match RFC where DOT descriptions of identified jobs did not require the additional limitation posed in the RFC). Thus, the undersigned finds remanding the case for this error would be an exercise in futility. *See Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009) ("If an agency has failed to adhere to its own procedures, we will not remand for further administrative proceedings unless the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses."). An ALJ's

---

2. Plaintiff is correct that the VE later noted he relied upon his experience alone for his opinion regarding off task percentages and absenteeism because those are not addressed in the DOT (Tr. 72); but those limitations are not at issue here.

violation of a procedural rule may be harmless and "will not result in reversible error absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004).

## CONCLUSION AND RECOMMENDATION

Following review of the arguments presented, the record, and the applicable law, the undersigned finds the Commissioner's decision denying SSI and DIB supported by substantial evidence and recommends the decision be affirmed.

s/James R. Knepp II<br>United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).